UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JULIAN METTER,

    Plaintiff,

    v.

UBER TECHNOLOGIES, INC.,

    Defendant.

Case No. 16-cv-06652-RS

**ORDER DENYING UBER'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

Defendant Uber Technologies, Inc. ("Uber") moves for leave to file a motion for reconsideration of the order denying its motion to compel arbitration. Because it is flawed in numerous respects, Uber's motion is denied.

## II. BACKGROUND

On April 17, 2017, the Court issued an order denying Uber's motion to compel arbitration of plaintiff Julian Metter's putative class claims. The Court found Metter's declaration that he never saw Uber's terms of service alert credible and consistent with the functioning of the Uber app because, during ordinary use of the app, a pop-up keypad would have obscured the terms of service alert before a user would have had notice of it. Accordingly, the Court held Metter raised a genuine issue of fact concerning his notice of, and assent to, Uber's terms of service (and included arbitration agreement), and that it was therefore improper to conclude as a matter of law that Metter had actual notice of Uber's terms of service, or that he was on inquiry notice of the

terms of service and affirmatively assented to them. The Court therefore denied Uber's motion to compel arbitration. On May 5, 2017, Uber filed a motion for leave to file a motion for reconsideration of the Court's order denying its motion to compel arbitration.

## III. LEGAL STANDARD

A party seeking leave to file a motion for reconsideration must show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. Local R. 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civ. Local R. 7-9(c). "Any party who violates this restriction shall be subject to appropriate sanctions." *Id.*

## IV. DISCUSSION

Uber's proposed bases for reconsideration are: that the court erred in its findings regarding whether Metter would have seen Uber's terms of service alert, and that the court erred in not immediately ordering a trial on the issue of Metter's assent to Uber's terms of service as required by the Federal Arbitration Act ("FAA").

### A. Whether Metter Would Have Seen the Terms of Service Alert

This proposed basis for reconsideration is actually a series of seven arguments, all of them unsuccessful. Most of the arguments fault the Court's finding that "[t]he keypad would have remained activated for as long as Metter entered numerical information, and until Metter pressed "REGISTER" to complete the registration process." Order Denying Motion to Compel Arbitration at 2-3. Uber attempts to advance these arguments under the first provision of the

reconsideration rule — "a material difference in fact or law" — but, betraying one of the primary weaknesses in its argument, fails to acknowledge that success under this provision requires showing that "in the exercise of reasonable diligence [it] did not know such fact or law at the time of the interlocutory order." *Id.*

First, Uber argues Metter could have scrolled down at any time to see the terms of service alert. Uber presented this argument with its motion to compel arbitration; the Court rejected it. *See* Order Denying Motion to Compel Arbitration at 6 ("Uber never explains why Metter would have scrolled down to find a terms of service alert he was not otherwise aware of, especially when the registration and payment screen neither instructed him to scroll down nor presented any reason for him to do so."). There is no basis for entertaining this sanctionable reargument. *See* Civ. Local R. 7-9(c).

Second, Uber argues Metter could have pressed the standard triangle button in the lower left corner of his phone in order to disengage the keypad at any time, thereby un-obscuring the terms of service alert. This argument fails at the outset because it introduces new facts not raised in connection with Uber's initial motion, and Uber makes no showing that "in the exercise of reasonable diligence [it] did not know such fact" at the time of its initial motion. Civ. Local R. 7-9(b). Moreover, Uber never explains why Metter would have pressed the triangle button while entering his credit card information, especially when the registration and payment screen neither instructed him to do so nor presented any reason for him to do so.

Third, Uber argues Metter could have disengaged the keypad after he completed entering his credit card information by pressing the checkmark icon on the keypad. This argument also fails because it introduces new facts not raised in connection with Uber's initial motion, and Uber makes no showing that "in the exercise of reasonable diligence [it] did not know such fact" at the time of its initial motion. Civ. Local R. 7-9(b). Uber also fails to explain why Metter would have pressed the checkmark button when the registration and payment screen neither instructed him to do so nor presented any reason for him to do so.

Fourth, Uber argues Metter provided no information regarding his Android operating

system or hardware settings, which may have allowed him to see the terms of service alert throughout the registration process. Again, this argument fails because it introduces new facts not raised in connection with Uber's initial motion, and Uber makes no showing that "in the exercise of reasonable diligence [it] did not know such fact" at the time of its initial motion. Civ. Local R. 7-9(b). Furthermore, Uber's abstract speculation that Metter may have had non-default settings that effected the appearance and functioning of its app is not sufficient to raise a genuine dispute of any material fact. Uber should know this well; in a related case, it successfully faulted a plaintiff for engaging in the same sort of broad speculation without affirmatively specifying what his settings were or how they effected the appearance and functioning of Uber's app. *See Cordas v. Uber Techs., Inc.*, No. 16-CV-04065-RS, 2017 WL 658847, at *3 (N.D. Cal. Jan. 5, 2017).

Fifth, Uber argues it is entitled to reconsideration of the Court's finding that "[t]he keypad would have remained activated for as long as Metter entered numerical information, and until Metter pressed "REGISTER" to complete the registration process," because Metter never presented evidence to that effect, and it therefore could not anticipate the Court's finding. This argument for reconsideration does not fall under any of the three categories for reconsideration motions provided in Civil Local Rule 7-9(b). Moreover, Uber misrepresents the case it cites in support of this basis for reconsideration, *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5529723 (N.D. Cal. July 25, 2013). Uber describes *Kane* as "granting leave to file motion for reconsideration based in part on defendant's contention that the court's decision relied on a fact plaintiff did not allege." Mot. at 5. *Kane* does not so hold. It is entirely silent on any such theory, and granted defendants' motion for leave to file a motion for reconsideration *on the stipulation of the parties*. *See Kane*, 2013 WL 5529723 at *1. In any event, the Court's conclusion that "[t]he keypad would have remained activated for as long as Metter entered numerical information" was based on evidence of the app's functioning Uber presented in its briefs, declarations, and oral argument, and on Metter's contention that he never saw the terms of service alert and that it would have been blocked by the keypad while he entered his credit card information.

Sixth, Uber argues the Court's order created a special "call out" rule for arbitration clauses

in violation of the FAA.  This argument is disingenuous at best and frivolous at worst; no fair reading of the Court's order supports it.  The Court found Uber failed to put Metter on notice of *any* of its terms of service (which contained the arbitration provision at issue) because the terms of service alert was obscured by the pop-up keypad.  It neither created nor imposed any special duties to call out, highlight, or otherwise emphasize arbitration clauses separate from the other terms of service Uber sought to impose.

Seventh, Uber argues "the Court should take into account the context of Mr. Metter's assent."  Mot. at 7.  Essentially, Uber argues that, because Metter engaged in a credit card transaction with Uber, he should have understood he was agreeing to its terms of service.  This is a new legal argument Uber did not raise in connection with its motion to compel arbitration, and Uber makes no showing that "in the exercise of reasonable diligence [it] did not know such fact or law at the time."  Civ. Local R. 7-9(b).  Likewise, binding case law precludes this extraordinary theory of universal assent regardless of notice.  *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 (9th Cir. 2014).

### B. Whether the Court Should Have Ordered a Trial on the Issue of Consent

Because the Court held Metter raised a genuine issue of fact concerning his notice of, and assent to, Uber's terms of service, Uber argues the Court should have immediately ordered a trial on the issue of Metter's consent to Uber's arbitration clause, as required by the FAA.  *See* 9 U.S.C. § 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.").  Uber argues the Court manifestly failed to consider this argument in denying Uber's motion to compel arbitration.  The Court, however, did not so fail; Uber never presented this argument in connection with its motion to compel arbitration.  *See* Civ. Local R. 7-9(b)(3) ("A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.")  Accordingly, reconsideration is not warranted.

### V.  CONCLUSION

Uber's motion for leave to file a motion for reconsideration is denied.

**IT IS SO ORDERED**.

Dated: May 10, 2017

_____
RICHARD SEEBORG
United States District Judge